```
 1            IN THE UNITED STATES COURT OF FEDERAL CLAIMS

 2

 3    JOHN A. SHEA,                    )

 4            Plaintiff,              )

 5        vs.                         )  Case No. 16-793C

 6    UNITED STATES OF AMERICA,        )

 7            Defendant.               )

 8    ---------------------------------)

 9

10

11                     Courtroom 4

12         Howard T. Markey National Courts Building

13              717 Madison Place, N.W.

14                 Washington, D.C.

15            Tuesday, December 11, 2018

16                   10:00 a.m.

17              Pretrial Conference

18

19         BEFORE:   THE HONORABLE CHARLES F. LETTOW

20

21

22

23

24

25   Susanne Bergling, RMR-CRR-CLR, Court Reporter
```

John A. Shea v. USA                                    12/11/2018

```
 1    APPEARANCES:
 2    ON BEHALF OF THE PLAINTIFF:
 3            DANIEL M. ROSENTHAL, ESQ.
 4            LINDA LIPSETT, ESQ.
 5            Bernstein & Lipsett, P.C.
 6            1130 Connecticut Avenue, N.W., Suite 950
 7            Washington, D.C.  20036
 8            (202) 296-1798
 9            chouse@bernsteinlipsett.com
10            NARI E. ELY, ESQ.
11            James & Hoffman, P.C.
12            1130 Connecticut Avenue, N.W., Suite 950
13            Washington, D.C.  20005
14            (202) 496-0500
15            neely@jamhoff.com
16
17    ON BEHALF OF THE DEFENDANT:
18            DAVID M. KERR, ESQ.
19            MARIANA ACEVEDO, ESQ.
20            U.S. Department of Justice
21            Commercial Litigation - Civil Division
22            P.O. Box 480, Ben Franklin Station
23            Washington, D.C.  20044
24            (202) 307-3390
25            david.m.kerr@usdoj.gov
```

John A. Shea v. USA                                    12/11/2018

```
 1                    P R O C E E D I N G S
 2                  -    -    -    -    -    -
 3          (Proceeding called to order, 10:03 a.m.)
 4          THE COURT:  Good morning.
 5          ALL COUNSEL:  Good morning, Your Honor.
 6          THE COURT:  The case before the Court this
 7   morning is John Shea vs. United States, Case Number
 8   16-793.  We are here for a pretrial conference.
 9          The Court presumes the parties have looked at the
10   fairly standard final pretrial orders the Court has
11   issued in recent cases that have come up for trial.
12   I've certainly looked at the parties' papers, and I
13   think we're ready to proceed.
14          Before we do and go down through the checklist of
15   items to be covered, do the parties have anything
16   specific or unusual that they would wish to raise?
17          Ms. Lipsett?
18          MS. LIPSETT:  Your Honor, my client --
19          THE COURT:  I ought to have asked you to identify
20   yourself for the record as counsel for the Plaintiff and
21   introduce your colleagues.
22          MS. LIPSETT:  Yes, I will do that.  Linda
23   Lipsett, counsel for the Plaintiff.  I am here with my
24   colleagues, Daniel Rosenthal and Nari Ely.
25          THE COURT:  All right, welcome.
```

John A. Shea v. USA                                      12/11/2018

1            Do you have anything out of the ordinary?

2            MS. LIPSETT:  No, I don't, but I would like to

3       defer to my colleague Daniel Rosenthal who is -- will be

4       lead counsel.

5            THE COURT:  All right.  Just a moment.

6            Yes.  Will the Government's counsel please

7       introduce themselves.  Mr. Kerr, will you introduce

8       yourself and your colleague, please, for the record?

9            MR. KERR:  Yes.  Thank you, Your Honor.  My name

10      is David Kerr.  I represent the United States from the

11      Department of Justice.  This is my colleague also from

12      the Department of Justice, Mariana Acevedo.

13           THE COURT:  All right, thank you.  What is your

14      last name again, please?

15           MS. ACEVEDO:  Acevedo, A-C-E-V-E-D-O.

16           THE COURT:  Acevedo, got it.

17           We are obviously scheduled for trial on Monday,

18      Tuesday, and Wednesday of the coming week, and the Court

19      had looked.  There is an issue about a deposition

20      transcript, but we can cover that in due course.  That's

21      the one unusual issue I thought I learned about.

22           Why don't you take the podium and we will cover

23      this bit by bit.

24           MR. ROSENTHAL:  We do have a couple of other

25      issues that we wanted to bring to the Court's attention

John A. Shea v. USA                                    12/11/2018

 1    as well.  So I can do that now or...

 2              THE COURT:  Why don't you do that now.

 3              MR. ROSENTHAL:  Okay.  So the first issue relates

 4    to the order of presentation at the trial.  It's a bit

 5    of an unusual situation in that there are two liability

 6    issues at the trial, whether or not Mr. Shea is exempt

 7    and then whether the Government had a reasonable and

 8    good faith basis for classifying him as exempt, and I've

 9    discussed this with government counsel.

10              The burden -- the Government has the burden of

11    proof on both of those issues, and, in particular, on

12    the second of those issues, the good faith/reasonable

13    basis, it seems to make the most sense to us that we

14    would not present evidence on that topic until the

15    Government first sets forth its -- what its basis was.

16              So our intention, with the permission of the

17    Court, was that when we present our initial case, we

18    would present testimony about the exemption issue but

19    not present testimony about the good faith/reasonable

20    basis issue.

21              THE COURT:  I don't see how you are going to be

22    able to avoid presenting testimony on both issues.

23    Frankly, the Court has a custom and practice of asking a

24    witness or the counsel to provide testimony from a

25    witness one time.  In other words, it might be Mr. Shea,

John A. Shea v. USA                                      12/11/2018

1    and he might testify regarding both issues, and he

2    might -- he's designated by both parties, and he would

3    testify once.

4            MR. ROSENTHAL:  In this case, the issue I think

5    relates more to the testimony of the HR person at NCIS.

6    So if we were --

7            THE COURT:  Is that Ms. Cruz or --

8            MR. ROSENTHAL:  Yes, Ms. Cruz, as well as

9    Mr. Freeman, the supervisor.  So we would -- if we were

10   going to present our entire case, we would call both of

11   those as adverse witnesses as part of our initial

12   presentation.

13           THE COURT:  Why don't you do that.

14           MR. ROSENTHAL:  Okay, sure.

15           So the second issue relates to -- there's a

16   document that the parties have a bit of a disagreement

17   about.  It's a document that was produced to us about

18   two weeks ago, and it's been -- it was redacted in its

19   entirety by the Government, and our position was that

20   that redaction is not -- is not proper.

21           So we can submit a motion laying that out more

22   fully tomorrow, I believe, but I wanted to bring that to

23   your attention.

24           THE COURT:  All right, good.  Why don't you do

25   that.

1          I have a question, as I said, about the 30(b)(6)

2     deposition transcript, but I can -- well, I can cover

3     that now.  Let me hear from Mr. Kerr, though, first.

4          Mr. Kerr, would you join Mr. Rosenthal at the

5     podium, and, Mr. Rosenthal, if you would not move too

6     far, that would be helpful.

7          MR. KERR:  Thank you, Your Honor.

8          Our objection -- I call it an objection, but the

9     30(b)(6), it's been our practice and understanding that

10    if counsel wants to use parts of a deposition, that

11    those parts will be designated in advance.

12         THE COURT:  Yes.

13         MR. KERR:  So our only objection was that they

14    should be designated in advance, which Mr. Rosenthal has

15    provided us with designations.

16         THE COURT:  He has provided the --

17         MR. KERR:  Yes.

18         THE COURT:  -- and so you have the opportunity

19    now to provide counter-designations?

20         MR. KERR:  Yes, Your Honor.

21         THE COURT:  Good.  And this -- I take it,

22    because it's a 30(b)(6) deposition, this falls under

23    801(d)(2)(D), so there is no question about

24    admissibility.

25         MR. KERR:  Yeah.  We don't object to the

John A. Shea v. USA                                    12/11/2018

1    admissibility of certain statements, but we did object

2    just to the wholesale dumping of -- there are a lot of

3    extraneous things in there, Your Honor.

4         THE COURT:  No, I understand.  I should warn

5    everyone, though, that the Court requires that a

6    deposition be actually read into the record.  So you

7    will need to have somebody, Mr. Rosenthal, acting as an

8    interrogating counsel, and you'll need to have somebody

9    in the witness stand just reading their responses,

10   because I want to hear that testimony in the same way

11   that I hear all the other witness testimony, and I don't

12   want to just have a paper record.

13        MR. ROSENTHAL:  Understood.

14        THE COURT:  Is that helpful?

15        MR. ROSENTHAL:  Yes.

16        THE COURT:  All right.

17        Anything else, Mr. Kerr?

18        MR. KERR:  Yes.  There is one matter that

19   actually arose yesterday.

20        THE COURT:  Yes.

21        MR. KERR:  And as Your Honor knows, there's a

22   parallel case dealing with members of Mr. Shea's team,

23   Root vs. United States, and the parties have been -- and

24   it is no secret -- the parties have been negotiating

25   settlement of both cases.

John A. Shea v. USA                                    12/11/2018

```
 1              THE COURT:  What is the name of that case again?
 2              MR. KERR:  I believe it's Root vs. United States.
 3              THE COURT:  Let me just check.
 4              MS. ACEVEDO:  Your Honor, the docket number is
 5    18 --
 6              THE COURT:  I'm sorry?
 7              MS. ACEVEDO:  The docket number is 18-734.
 8              MR. ROSENTHAL:  Well, when it was filed, it was
 9    actually called Sevigny vs. United States and then
10    Mr. Root joined --
11              THE COURT:  I have a note on Sevigny.
12              MR. ROSENTHAL:  That's the same case.
13              MR. KERR:  I apologize, Your Honor.  I wasn't
14    sure which plaintiff was -- but Sevigny vs. United
15    States, it's the same.
16              THE COURT:  It's the same case.
17              MR. KERR:  Yes.
18              THE COURT:  And you gave a notice -- or the
19    Plaintiff did -- of the indirectly related case.  Before
20    whom is that?
21              MR. ROSENTHAL:  Judge Wolski.
22              MR. KERR:  The parties yesterday managed to
23    settle that case, and the United States would just
24    object to any terms of that settlement coming into
25    evidence in this case.
```

John A. Shea v. USA                                          12/11/2018

```
 1          THE COURT:  Oh, I'm sure.  Yes, absolutely.
 2          MR. ROSENTHAL:  Well, if I may, it actually
 3   wasn't exactly a settlement.  It was an offer of
 4   judgment.  So there will be a judgment issued by Judge
 5   Wolski.
 6          THE COURT:  I know, but --
 7          MR. KERR:  Yes.  It was an offer of judgment,
 8   yes.  I guess I was thinking that was the way the case
 9   was settled.
10          THE COURT:  The fact of the judgment just has no
11   bearing on this case.
12          MR. ROSENTHAL:  Okay.
13          MR. KERR:  Thank you, Your Honor.
14          MR. ROSENTHAL:  If I just may follow up on that,
15   one of the issues in the settlement relates to the
16   classification of the employees there, which is going to
17   be a fact I think at issue -- one of the issues in this
18   case is going to relate to the classification of members
19   of the team.  So in that sense, it -- there may be -- it
20   may be somewhat difficult to disentangle the change in
21   classification and the settlement.
22          THE COURT:  Well, you can cover that as a factual
23   matter at trial.
24          MR. KERR:  Well, Your Honor, we would object.
25   The change of classification came from the offer of
```

John A. Shea v. USA                                    12/11/2018

1    judgment.

2          THE COURT:  Oh, that's -- that's true.  The

3    judgment really has no res judicata effect at all on

4    this case, and it certainly has no collateral estoppel

5    effect on this case.

6          MR. ROSENTHAL:  We're not suggesting that, Your

7    Honor.

8          THE COURT:  All right.

9          MR. ROSENTHAL:  We're just suggesting that it

10   is going to be a fact, as of next week, that Mr. Shea

11   and his team members, under the same position

12   description, doing the same duties, are not classified

13   the same under the FLSA, and that is we think a fact

14   that is part of the factual background of the case

15   that's relevant.

16         THE COURT:  Well, there was -- now, you're

17   testing my memory a little bit, but I recall that -- I

18   want to say GS, that's not exactly -- GS-9s and 11s were

19   reclassified.

20         Do I have that right, Mr. Kerr?

21         MR. KERR:  GS-9 -- 7 and 9, I think, yes.

22         THE COURT:  Seven and 9, okay.  Thank you for

23   correcting me.

24         MR. ROSENTHAL:  These people that I'm talking

25   about are all GS-12s.

John A. Shea v. USA                                      12/11/2018

1          THE COURT:  GS-12s?  It is what it is.

2          MR. KERR:  They were GS-12s, but the fact of

3    their reclassification comes out of the offer of

4    judgment that the United States made in that case.

5          THE COURT:  It doesn't have any effect on this

6    case.  Okay.

7          MR. KERR:  Thank you, Your Honor.

8          THE COURT:  All right.  Shall we cover some items

9    that were -- that we should cover?  I would propose --

10   and the parties may offer something different -- that

11   trial begin at 9:30 in the morning.  Is that

12   satisfactory?  If you want a different time, just tell

13   me.

14         MR. KERR:  That works for the Government, Your

15   Honor.  Mr. Rosenthal?

16         MR. ROSENTHAL:  That's fine with us.  Yes, thank

17   you.

18         THE COURT:  All right.  Let's see.  I've looked

19   at your witness lists and so on and so forth.  We could

20   conclude at -- I've never concluded a trial earlier than

21   5:30, except under compulsion from a court when I

22   borrowed a courtroom from someplace else, and they

23   closed the courthouse at 4:30.  But we could conclude at

24   5:00 if you want.  I don't really care.  It's up to you.

25         MR. KERR:  I just had a similar experience in

John A. Shea v. USA                                    12/11/2018

```
 1    Vermont, Your Honor.

 2            THE COURT:  Yes, I understand.

 3            MR. KERR:  They were shuttering the doors a

 4    little earlier than we were used to.

 5            THE COURT:  That's right.

 6            MR. KERR:  5:00, 5:30 is acceptable.

 7            MR. ROSENTHAL:  That's fine.

 8            THE COURT:  Okay, I think we will finish at 5:00.

 9    Let's finish at 5:00.  We will do something a little

10    unusual.

11            Would you like opening statements?

12            MR. ROSENTHAL:  We would like to present an

13    opening statement, and I also wanted to ask, Your Honor,

14    we were thinking of using a PowerPoint presentation

15    during the opening if the Court allows that.

16            THE COURT:  As long as you've made sure that

17    there are hard copies available, not only to Mr. Kerr

18    but to the Court, that's fine.

19            Mr. Kerr?

20            MR. KERR:  Yes, Your Honor.  The Government would

21    also like to make a short opening statement.

22            THE COURT:  Fifteen minutes?  Fifteen minutes.

23            MR. KERR:  Yes.  That's more than enough.  Thank

24    you, Your Honor.

25            THE COURT:  All right.  Then the time allotted
```

John A. Shea v. USA                                          12/11/2018

```
 1   for presentation of evidence, the Court would propose
 2   nine hours a side.  I think that's generous in this case
 3   in the circumstances.
 4            MR. ROSENTHAL:  That should be more than enough.
 5            MR. KERR:  Yes, I agree, Your Honor.  That's more
 6   than enough.
 7            THE COURT:  More than enough, okay.
 8            Now, that doesn't include questions that the
 9   Court might ask -- and I will.  I just -- I know from
10   prior experience, I cannot resist asking questions, but
11   unless there's something that a witness testifies to
12   that I just don't understand, I will -- that, I will
13   interject, but otherwise, I will wait until counsel have
14   finished their direct examination and cross examination
15   before I ask any questions.  I don't want to interrupt
16   the flow basically of your examination, except if
17   something happens that I just don't understand.
18            Is that --
19            MR. KERR:  Thank you, Your Honor.  Yes.
20            THE COURT:  -- is that -- but that would not
21   include time for the witness to respond to my questions.
22            In addition, of course, it wouldn't include
23   opening statements, but it also -- if there are
24   evidentiary disputes that arise during trial, other than
25   just a simple objection, I'm talking about an actual
```

John A. Shea v. USA                                    12/11/2018

```
 1   argument on an evidentiary issue, that time would not be
 2   included as well.
 3          MR. ROSENTHAL:  Understood.
 4          MR. KERR:  Okay.
 5          THE COURT:  Okay.  You have a problem with a
 6   proposed trial exhibit, is that right, Mr. Rosenthal?
 7          MR. ROSENTHAL:  No, we --
 8          THE COURT:  It's not over the authenticity of
 9   that exhibit, I take it.  It's over something else.
10   Redactions?
11          MR. ROSENTHAL:  Yes.  Well, just to clarify, we
12   have no problem with any of the exhibits identified by
13   the Government.  This is a document that was produced to
14   us as part of a supplemental document production two
15   weeks ago, and it was redacted in its entirety.  We
16   believe that was improper.  We would like to see the
17   document and then decide whether it may be something we
18   might present at trial.
19          THE COURT:  Mr. Kerr might have a view.
20          MR. KERR:  Yes, Your Honor, thank you.  The
21   document in question is a draft position description
22   that was made on direction of counsel in the interest of
23   trying to reach a settlement in this case.
24          THE COURT:  Ah.
25          MR. KERR:  We think it's work product and not
```

John A. Shea v. USA                                    12/11/2018

1    subject to disclosure.

2           MR. ROSENTHAL:  We have a different view on that,

3    Your Honor.  The settlement discussions did not include

4    any discussion about changing a position description.

5    It did include changing the exemption status.  So we

6    would be okay with redacting that part of the position

7    description because it relates to settlement.

8           But the remainder of the position description --

9    position descriptions are not confidential documents.

10   They're designed to be published and provided to

11   employees.

12          THE COURT:  In due course, they are.

13          MR. ROSENTHAL:  Correct.  And we rely on a line

14   of cases that says a document in that scenario is not

15   privileged, and it's also not a settlement-protected

16   communication for two reasons.

17          First of all, as I said, we didn't discuss that

18   in the settlement, other than the exemption issue.  And

19   second of all, under the Federal Circuit law, Rule 408

20   is an admissibility rule.  It's not a rule that allows

21   you to redact a document that's provided in discovery.

22          THE COURT:  On the other hand, this case is in

23   litigation, and the agency counsel joins Mr. Kerr and

24   Ms. Acevedo, and as counsel in the case, work product

25   can arise.

John A. Shea v. USA                                            12/11/2018

```
1          MR. ROSENTHAL:  Sure, work product can arise, but
2     we don't believe this document is work product.
3          THE COURT:  All right.  Well, I'm sure if you
4     file a motion tomorrow, Mr. Kerr will respond promptly,
5     and we can go forward and sort that out.
6          MR. ROSENTHAL:  Thank you.
7          MR. KERR:  Thank you, Your Honor.
8          THE COURT:  Okay.  All right.  So you are not
9     really aware of any other authenticity or any other
10    problems with exhibits.
11         MR. KERR:  No, Your Honor.  There is one sort of
12    administrative issue with an exhibit.
13         THE COURT:  Yes.
14         MR. KERR:  During the course of discovery, there
15    were some confidential documents that we disclosed to
16    Plaintiff, and the parties worked together to avoid the
17    actual formality of a confidentiality agreement, but now
18    we would like to use one of those documents at trial.
19         So we would like at this point, now, to enter a
20    confidentiality agreement and have that exhibit and only
21    that small portion of the testimony about that exhibit
22    sealed.
23         THE COURT:  All right.  So you want basically a
24    protective order respecting one document and the portion
25    of testimony that relates to that document.
```

John A. Shea v. USA                                    12/11/2018

1          MR. KERR:  That is correct, Your Honor, yes.  A

2     protective order.

3          MR. ROSENTHAL:  I am a bit surprised to hear this

4     because, if I understand correctly, that particular

5     document has not been identified as an exhibit by the

6     Government, but -- previously.  Is that correct?  Are

7     you talking about the standard operating procedures?

8          MR. KERR:  Yeah, the standard operating

9     procedures, which I can't think of the exact exhibit

10    number, but it has been marked by Defendant.

11         THE COURT:  Just a moment.  I thought I saw it.

12         MR. KERR:  I think it's the second exhibit.

13         MR. ROSENTHAL:  The second exhibit is --

14         MR. KERR:  Okay, I'm sorry.  I'm not to that

15    point yet where I have the exhibits memorized, but I'm

16    close.

17         MS. ACEVEDO:  It's Exhibit Number 2, Your Honor.

18         MR. ROSENTHAL:  Could I --

19         THE COURT:  All right.  The Government's 2.  I

20    understand.  I see it.

21         MR. KERR:  So this is the standard operating

22    procedure of the team.

23         THE COURT:  Thank you, Ms. Acevedo.

24         MS. ACEVEDO:  You're welcome, Your Honor.

25         MR. KERR:  And the parties have been working

John A. Shea v. USA                                    12/11/2018

1   on --

2           MR. ROSENTHAL:  Oh, I see.

3           MR. KERR:  -- you know, a request for protective

4   order and the language for a protective order.

5           THE COURT:  Well, if you have something that you

6   want to propose to the Court, that's fine.  Otherwise,

7   something like that we can actually deal with at trial

8   and put it on the trial transcript, if that eases your

9   path a little bit.

10          MR. KERR:  Okay, yes, thank you.  That's very

11  helpful, Your Honor.  I've never done it this late in

12  the stage of litigation.

13          THE COURT:  I understand we have to be somewhat

14  flexible.

15          MR. KERR:  Okay.

16          MR. ROSENTHAL:  I apologize.  I see it now.  I

17  thinks I was thinking of the disclosure that you made

18  prior to this.  So, yes, we have no objection with

19  handling it at trial.

20          THE COURT:  We will deal with it -- unless you

21  file a motion in advance, we will deal with that

22  actually at trial.

23          MR. KERR:  Thank you, Your Honor.

24          THE COURT:  All right.  Now, what the Court would

25  appreciate is copies of -- well, a roadmap, in a sense a

John A. Shea v. USA                                    12/11/2018

1   sheet that has -- two copies of a sheet that has three

2   columns, the identifying number for each exhibit, a

3   blank space for the Court to enter the name of the

4   witness through whom the exhibit is either sought to be

5   admitted or who later addresses that exhibit -- or

6   earlier, for that matter -- and then a blank space for

7   the Court to enter the disposition of any request to

8   admit that exhibit into evidence at the trial.

9           The Clerk and I will keep a tally as we go

10  through, and what we're always endeavoring to do is,

11  once we hit the end of a trial, we close the trial, but

12  we do so without any loose ends or anything else.  We

13  don't want any post-trial motions respecting exhibits or

14  testimony.  Having a sheet like that will help us do

15  that.  We will just keep track of what you do during the

16  trial.

17          MR. KERR:  Thank you, Your Honor.

18          THE COURT:  If you would work together to provide

19  such a chart or sheet, that would be helpful.

20          MR. KERR:  Absolutely, Your Honor.

21          MR. ROSENTHAL:  Yes.

22          THE COURT:  All right.  And it goes without

23  saying, but we will say it, that each exhibit to be part

24  of the trial record must be formally moved into evidence

25  and admitted into evidence.

1       MR. KERR:  Your Honor, if I may, we will also be
2   tracking what exhibits go into evidence and are happy to
3   compare at the end of the day to make sure everyone's on
4   the same page.
5       THE COURT:  Right.  We can -- and the Clerk will
6   help in that respect.
7       MR. KERR:  Absolutely.  Thank you.
8       THE COURT:  I would ask that counsel not engage
9   in substantive discussions with a witness while any
10  portion of that witness' testimony is pending.  That's
11  kind of -- it just solves all sorts of extraneous points
12  and arguments.
13      Do you have -- you don't really have expert
14  testimony in this case at all.
15      MR. KERR:  No experts.
16      MR. ROSENTHAL:  No.
17      THE COURT:  So we don't have to deal with voir
18  dire.
19      MR. KERR:  Correct, Your Honor.
20      THE COURT:  I would ask that you stand when
21  addressing the Court, particularly if you have an
22  objection, so I can tell.  Otherwise, it might be a
23  little sketchy and I probably can't tell.  So if you
24  will stand, that would be courteous of you and help just
25  move things along.

John A. Shea v. USA                                        12/11/2018

```
 1           Do you want to invoke Federal Rule of Evidence
 2    615 respecting sequestration of fact witnesses?
 3           MR. KERR:  Yes, Your Honor.  The Government would
 4    like to invoke that.
 5           THE COURT:  Okay, that's done.
 6           MR. ROSENTHAL:  And I take it that will not apply
 7    to Mr. Shea himself.
 8           THE COURT:  I'm sorry?  He's your party
 9    representative.  He's the Plaintiff.  Okay, except for
10    Mr. Shea.
11           MR. ROSENTHAL:  Yes.
12           THE COURT:  All right.  And the Government is
13    entitled to a representative as well, and they can
14    designate them at the outset.
15           MR. KERR:  Thank you, Your Honor.
16           THE COURT:  Now, as we discussed earlier, for
17    witnesses called by one party, we would hope that all of
18    that witness' testimony could be received at one time,
19    so that we get the direct and the adverse testimony in a
20    piece, and --
21           MR. ROSENTHAL:  The only question I would have
22    about that would be a witness who may have something to
23    say by way of rebuttal, who has already testified but is
24    responding to something that's come up during the course
25    of --
```

John A. Shea v. USA                                    12/11/2018

```
 1              THE COURT:  You can then recall that witness in
 2      rebuttal, but the limitation, of course, is on the
 3      topics of the further testimony.
 4              MR. ROSENTHAL:  Understood, yes.
 5              THE COURT:  Otherwise, the witness would be, if
 6      he's called by both sides -- and there are some that
 7      are -- the subject matter of the testimony would be the
 8      topics identified in the witness list, and so they might
 9      not overlap.  In fact, they probably won't, but rebuttal
10      is a little different.
11              You obviously have a demonstrative in the sense
12      that you have PowerPoint slides you mentioned in your
13      opening.
14              MR. ROSENTHAL:  Yes, Your Honor.
15              THE COURT:  In this particular case, will there
16      be any demonstrative evidentiary -- well, not
17      evidentiary, but used during trial by either side?
18              MR. KERR:  At this time, Your Honor, the
19      Government doesn't plan to use any demonstratives.
20              THE COURT:  All right.
21              MR. ROSENTHAL:  We don't --
22              THE COURT:  Mr. Rosenthal?
23              MR. ROSENTHAL:  We don't anticipate that.
24              THE COURT:  You do or don't?
25              MR. ROSENTHAL:  We do not, no, not at this time.
```

John A. Shea v. USA                                          12/11/2018

```
 1          THE COURT:  Well, if you do, if you give each
 2    other at least 24 hours advance notice, that would be
 3    helpful.
 4          And in this case, I know we've done a fair amount
 5    of work on this case already in terms of the pretrial,
 6    through your discovery and in the earlier motions, but I
 7    still would ask for post-trial briefing.
 8          MR. KERR:  Absolutely, Your Honor.
 9          THE COURT:  Okay.  We can set that schedule at
10    the close of trial.
11          I would ask that the parties help the court
12    reporter out a little bit with providing hard copies of
13    the exhibits to the witness -- stickered copies, if you
14    will -- and the court reporter can take those in hand if
15    they're admitted as part of the official trial record so
16    that the parties don't deal with it and the Court
17    doesn't deal with it directly, but the reporter does in
18    certifying the record of trial.
19          So really you have two copies for -- one for the
20    Court, one for the Clerk, and another for the witness.
21    I should have clarified that a little bit.  Is that
22    okay?
23          MR. KERR:  Yes, absolutely, Your Honor.  On the
24    topic of exhibits, there are -- the binders for exhibits
25    are very small.  May I propose we put them both in the
```

John A. Shea v. USA                                    12/11/2018

1    same binder just for the ease of --

2              THE COURT:  Yes, that's fine.

3              MR. KERR:  -- only having one binder?

4              THE COURT:  Right.  That's perfectly fine.

5              MS. ACEVEDO:  Your Honor, just so I'm clear, can

6    we have one set for all witnesses at the witness stand

7    so that we don't have to make multiple copies for each

8    of the witnesses?  Would that be acceptable to Your

9    Honor?

10             THE COURT:  I don't see that there would be a

11   problem.  If you actually can get everything in one

12   binder, I don't think that's a problem.  If the witness

13   can find the -- if you have it marked appropriately so

14   the witness is not fumbling, that's perfectly fine with

15   the Court.

16             MS. ACEVEDO:  It just streamlines things on our

17   end and makes it a little easier --

18             THE COURT:  No, exactly.

19             MS. ACEVEDO:  -- rather than having multiple

20   copies for multiple witnesses.

21             THE COURT:  I completely understand.

22             MS. ACEVEDO:  Thank you, Your Honor.

23             THE COURT:  You're welcome.  In fact, I just came

24   back from Houston on a post-discovery conference in a

25   case that will be tried a little later in the winter,

John A. Shea v. USA                                    12/11/2018

```
 1     but that case is just the opposite of this one in the
 2     sense that -- I don't know how many, 10 or 12 experts,
 3     you know, it's videos, all sorts of other issues
 4     associated with it, a site visit, and it's just endless.
 5     So this is a welcome relief.
 6               MR. KERR:  And a few more exhibits, I assume.
 7               THE COURT:  Yes, exactly.  Anyway, there will be
 8     days like that, too.
 9               What else can we talk about?
10               MR. KERR:  Well, just to remind the Court, on the
11     exhibits, our exhibits, that won't contain the sealed --
12     the document we want to put under seal, just a place
13     keeper.
14               THE COURT:  Just separately marked, and that will
15     help the court reporter in handling the exhibit as well
16     and the portion of the transcript to which it relates.
17               MR. KERR:  Right.  Thank you, Your Honor.
18               MR. ROSENTHAL:  Sounds good.
19               THE COURT:  Mr. Rosenthal?
20               MR. ROSENTHAL:  I do not have any further, Your
21     Honor.
22               THE COURT:  All right.  That's delightful.
23               MR. KERR:  Your Honor, I have one more kind of
24     scheduling --
25               THE COURT:  Yes.
```

John A. Shea v. USA                                    12/11/2018

```
 1         MR. KERR:  Mr. Freeman is no longer working at
 2   NCIS.  Obviously he will be available for trial, but his
 3   schedule this week is pretty hectic.  I'm wondering if
 4   we could fix him on Tuesday morning, first thing, kind
 5   of take him out of turn.
 6         THE COURT:  Well, I can't imagine that that would
 7   be a problem.  This is -- any time you deal with a bench
 8   trial, the Court really is flexible as long as the
 9   parties have an agreement.  That's just not a problem.
10         MR. ROSENTHAL:  That should not be a problem for
11   us either.
12         MR. KERR:  Thank you.
13         THE COURT:  Tuesday morning?
14         MR. KERR:  Tuesday morning, yes.
15         THE COURT:  So that will be the 18th, the morning
16   of the 18th.
17         MR. KERR:  Yes.  Thank you, Your Honor.
18         (Counsel conferring.)
19         MR. KERR:  Also, Your Honor, we wonder if we
20   could have access to the courtroom Friday evening or
21   Friday afternoon.
22         THE COURT:  I don't -- I'm sure we can, but I
23   have no idea which courtroom we have.  We could find
24   out, and we will.
25         MR. KERR:  Okay.
```

1          THE COURT:  The short answer is we will do our

2     best, and we will -- that to us is a scheduling matter,

3     and we will find out and we will -- the Clerk will call

4     both counsel and give you advice if we know which

5     courtroom.  We probably know -- it probably is known

6     now, but -- in the Clerk's Office, but we don't know it.

7          MR. KERR:  Okay.  Thank you, Your Honor.

8          THE COURT:  No, thank you.

9          MS. ACEVEDO:  Your Honor, just one last item --

10    I'm sorry -- with respect to the scheduling.  We would

11    like to using the anteroom behind the courtroom for a

12    breakout room for our witnesses so that we can respect

13    the Rule 615.

14         THE COURT:  Right.  You have to make sure you

15    have access to it.

16         MS. ACEVEDO:  Certainly.  Do we do that through

17    your Clerk or do we coordinate with the Clerk's Office?

18         THE COURT:  Clerk of the Court.

19         MS. ACEVEDO:  Thank you very much.

20         THE COURT:  Mr. Rosenthal, do you need help with

21    a room for the same purpose?

22         MR. ROSENTHAL:  That would be helpful, yes.

23         THE COURT:  We will ask.  So we have two things

24    to ask.  One is access to a witness waiting room,

25    basically, and work room for counsel, and then the

John A. Shea v. USA                                    12/11/2018

```
 1   actual courtroom.

 2            MS. ACEVEDO:  Thank you, Your Honor.

 3            THE COURT:  No, thank you.  We'll try to get this

 4   organized so it goes smoothly.

 5            Okay.  Anything further?

 6            MR. ROSENTHAL:  No.

 7            MR. KERR:  Nothing further --

 8            THE COURT:  Mr. Kerr?

 9            MR. KERR:  Nothing further.  Thank you.

10            THE COURT:  All right, thank you.

11            (Whereupon, at 10:30 a.m., the proceedings were

12   adjourned.)

13

14

15

16

17

18

19

20

21

22

23

24

25
```

John A. Shea v. USA                                        12/11/2018

```
 1                  CERTIFICATE OF TRANSCRIBER

 2

 3          I, Susanne Bergling, court-approved transcriber,

 4   certify that the foregoing is a correct transcription

 5   from the official digital sound recording of the

 6   proceedings in the above-titled matter.

 7

 8

 9

10

11   DATED:   12/17/2018        s/Susanne Bergling

12                              SUSANNE BERGLING, RMR-CRR-CLR

13

14

15

16

17

18

19

20

21

22

23

24

25
```